IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02562-BNB

SANTANA PEÑA,
    Applicant,

v.

LARRY REID, Warden,
COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
    Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 8 2011

GREGORY C. LANGHAM
    CLERK

---

ORDER TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Santana Peña, is a prisoner in the custody of the Colorado Department of Corrections at the San Carlos Correctional Facility in Pueblo, Colorado. Mr. Peña initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 4, 2010, he filed an amended habeas corpus application (Doc. #7). Mr. Peña is challenging the validity of his conviction in El Paso County District Court case number 02CR1699.

In an order filed on November 10, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On November 30, 2010, Respondents filed their Pre-Answer Response (Doc. #12). On December 20, 2010, Mr. Peña filed a reply to the Pre-Answer Response (Doc. #13).

The Court must construe the amended application and other papers filed by Mr. Peña liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will draw this case to a district judge and to a magistrate judge.

Mr. Peña was convicted by a jury of first degree murder and one count of crime of violence. He was sentenced to life in prison without the possibility of parole. On direct appeal from the judgment of conviction, the Colorado Court of Appeals rejected three claims raised by Mr. Peña and remanded the case for further proceedings regarding a Fourth Amendment claim. **See People v. Peña**, No. 03CA0923 (Colo. App. July 28, 2005) (unpublished) (Doc. #12-6). With respect to the Fourth Amendment claim, the Colorado Court of Appeals provided the following instructions:

> On remand, if the trial court determines that the search warrant was not based on the illegal search and that the independent source doctrine applies, defendant's conviction stands affirmed, subject to appeal on that issue. . . . If the trial court determines that the search warrant relied on information obtained from the illegal search, defendant's conviction stands reversed and defendant shall have a new trial, subject to an appeal by the People on that issue.

(Doc. #12-6 at pp.28-29.) On May 8, 2006, the Colorado Supreme Court denied Mr. Peña's petition for writ of certiorari seeking review of the decision of the Colorado Court of Appeals in 03CA0923. (**See** Doc. #12-9.)

On remand, the trial court determined that the independent source doctrine applied and rejected Mr. Peña's Fourth Amendment claim. Mr. Peña filed an appeal

2

from the trial court's order on remand and the Colorado Court of Appeals affirmed the order and the judgment of conviction. *See People v. Peña*, No. 07CA0324 (Colo. App. Jan. 22, 2009) (unpublished) (Doc. #12-11). The Colorado Supreme Court subsequently denied Mr. Peña's petition for writ of certiorari seeking review of the decision of the Colorado Court of Appeals in 07CA0324. *See Peña v. People*, No. 09SC197, 2009 WL 3535418 (Colo. Nov. 2, 2009).

The Court received the instant action for filing on October 14, 2010. Mr. Peña asserts three claims in the amended application arguing that: (1) the trial court erred in denying a challenge for cause to a prospective juror; (2) the trial court erred in failing to instruct the jury on voluntary intoxication; and (3) the trial court erred in responding to a jury question during deliberations without counsel for either party being present. The three claims Mr. Peña is raising in this action are the same three claims raised in and rejected by the Colorado Court of Appeals in appeal number 03CA0923.

Respondents concede that Mr. Peña's claims are exhausted. However, Respondents argue that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was

>prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Peña's conviction became final. In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, a litigant has ninety days to seek review in the United States Supreme Court.

Respondents argue that Mr. Peña's conviction became final and the one-year limitation period began to run on August 6, 2006, which was ninety days after the Colorado Supreme Court denied Mr. Peña's petition for writ of certiorari seeking review of the decision of the Colorado Court of Appeals in case number 03CA0923.

Respondents apparently argue that Mr. Peña's conviction was final on that date, despite the fact that the case had been remanded to the trial court for further proceedings on Mr. Peña's Fourth Amendment claim, because the state court proceedings on remand and Mr. Peña's appeal from the trial court's order on remand did not involve consideration of the three claims Mr. Peña is raising in this action.

The Court does not agree that Mr. Peña's conviction was final in 2006. The Colorado Court of Appeals did not affirm the judgment of conviction in Mr. Peña's criminal case until January 22, 2009, in case number 07CA0324. Furthermore, Mr. Peña's direct appeal in state court did not end until November 2, 2009, when the Colorado Supreme Court denied his petition for writ of certiorari seeking review of the decision of the Colorado Court of Appeals in 07CA0324. Finally, Mr. Peña's conviction still was not final and the one-year limitation period did not begin to run until the time to seek review in the United States Supreme Court expired on approximately February 2, 2010. As a result, the instant action, which was commenced in October 2010, is not barred by the one-year limitation period.

In summary, Respondents do not raise the affirmative defense of exhaustion of state remedies and the Court finds that the instant action is timely. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 18th day of January, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02562-BNB

Santana Pena
Prisoner No. 117040
San Carlos Corr. Facility
PO Box 3
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 18, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk